Good morning. May it please the Court. My name is Ryan Norwood. I'm an attorney with the Federal Public Defender in Nevada, and I'm representing Tony Swanson today. I'd like to reserve about a minute of my time for rebuttal, if I could. The claims in Mr. Swanson's counseled amended petition all relate back to what he raised in his timely original petition. The same legal theories and the same operative facts are presented in the handwritten text of that petition, and if there was any doubt about what he was saying, Mr. Swanson attached his – provided a series of attachments that also contain the operative facts underlying these claims, which he specifically referred to in the handwritten text of his petition. I'm sure you know that we'll have a lot of questions about the legal effect of just attaching another document. But before we get there, I do have one factual question I just want to clarify with you. With respect to his claim, which I guess I call claim number two, having to do with counsel failing to interview witnesses and prepare a defense, it seems that the district court characterized that as pretrial only, but I read it as actually relating to the trial. Would you clarify what the scope of that claim is? The complaint about his lawyer would have to be a pretrial claim because he didn't have a lawyer during the trial. What happened was, you know, this is a felony sex assault case where he was facing a life sentence. He had an appointed lawyer representing him for about a year and a half before the case finally went to trial. And the essential allegations are that during that time, the lawyer essentially did nothing to investigate the case. And when it became clear that he wasn't going to do anything, Swanson, who was faced with sort of a Hobson's choice, decided, well, I'd rather represent myself. So he proceeded to trial. He was an incarcerated prisoner who didn't really have access to the resources. And that's his other claim is that within the trial court, he didn't get access to witnesses and records? Correct. There's an ineffective assistance of counsel claim based on his lawyer's pretrial failure to investigate. And then there's a compulsory process claim based on the trial court's failure to assist him with the compulsory process. So they're two separate claims, but they're all sort of based on a connected set of facts. Mr. Swanson's claim is, look, the only reason I was representing myself at trial and had this compulsory process problem is because I had an ineffective lawyer who wouldn't defend me. And essentially all those operative facts that I've just gone over can be found within the handwritten text of his original petition itself. Well, let me ask you a question, sir. Are you suggesting that this habeas petition can be filed and he can file what's called the petition, but we just can't look at the petition for all the claims that he might be filing? Or can we look at the petition and then look at the documents that he's attached thereto and find the documentation for what he said in his petition? It would be the latter, Your Honor, because that's specifically what the rules of civil procedure allow. Okay. So if he didn't say anything in the petition that would reference something we could look at these other documents about, we wouldn't need to look at the documents, correct, in order to see if they relate back? That would present a more difficult case. Well, but what you just said seems to me to kind of cut you off at the pass. Either I have to read everything he writes, even his attachments, so therefore his complaint or petition becomes voluminous because he can put on all of the records that there are in the district court, and therefore anything there is in there automatically becomes the petition. Or I can look at what he says in the petition, and then I can look at what he says in the amended petition, and then if it doesn't relate to something he said in the first petition, even though he's got documents there which kind of substantiate what he says, if he at least lays it out, then I might have a relation back. The rules of civil procedure specifically say that attachments to a pleading, that attaches exhibits are considered part of a pleading for all purposes. I understand they're considered part, but I'm really asking you, what are you suggesting I'm supposed to do here? Am I supposed to review all these documents for every claim that he has, or can I just look at the petition and then look at what's attached thereto to document the petition? The rules governing habeas corpus cases, Rule 4, which dictates the district court judge's initial review of the petition, specifically says that the judge should look at not only the petition itself, but all of the exhibits to it. So I'm not going to do that. Well, let me just ask you then, a lot of times a State court decision will have 25 claims in it, or a lower court decision, and then it's narrowed down sometimes by the time of the habeas petition. If I write a petition that, you know, I have constitutional questions, see attached and there's 25, does that mean he's just filed a petition for 25 claims? I mean, how do you distinguish between the kitchen sink and the claim? What I would say is that this process of raising a claim by a pro se petitioner, it's not supposed to be hard. I mean, when pro se petitioners in Federal court would generally want to raise the claims that they exhausted in State court, so, you know, particularly for an unsophisticated petitioner like this, which you can tell just by looking at the grammar in his handwritten petition, the easiest way for him and really for everyone else to say what I want to raise is to attach the pleadings where these claims were raised in State court, which the State of Nevada, of course, was already aware of, and say these are the claims that I want to raise in Federal court. Now, in this case, Mr. Swanson did more than that. You know, he submitted a handwritten petition in which he set forth the legal basis of his claims. Well, he set forth what he thought were the claims of the petition, and then when he got to the end of them, he'd say, see additional continual on additional pages. So my worry was, if I'm making a good determination of this, do I just look at what he had in his petition? Because I know we have to, I know that all courts should look at all of these, but I've sat in State court for a long time with many of these kind of things, and I'm trying to figure out what your real argument is. Are you suggesting that the State court judge doesn't just look at the petition, but he's got to look at every document that's alleged there, that's attached thereto, and come up with allegations unbeknown to anything he ever said in the document he filed, just in the attachment, and that that's okay? What we're talking about here is not what the State court judge said. Answer my question. If that's what the State rules say, then yes. I mean, all of the claims that he has here, with a few minor exceptions. I don't think that's what the State rules say. I'm trying to figure out why you think they do. What the Federal rules say is that the Federal judge should consider everything that's attached. I mean, but consider is one thing, and make it a claim is quite another. Even if you just look at what Mr. Swanson says in the handwritten portion, I mean, he's setting forth both of the legal theories that are underlying grounds 1 and 2, compulsory process and ineffective assistance, and he's describing the operative facts of those claims. You know, that my lawyer, you know, the lawyer didn't do work before trial despite Mr. Swanson's requests, that he elected to represent himself because of that, and then the trial court refused to assist him with the compulsory process. You know, this is enough to relate back under Male v. Felix. But if there's any doubt about this, Mr. Swanson specifically says in this petition my arguments continued on additional pages. If you look at those additional pages. Sotomayor, I think your arguments can more easily be made with regard to grounds 1 and 2 of the amended petition. But what about ground 3, which clearly really isn't specifically raised in the original petition at all? Does that also relate back as part of the package? It does involve what seems to be claims distinct from the other two grounds raised. That's correct. Those are a distinct set of claims. They have to do with issues that arose during the trial that Mr. Swanson claims his appellate counsel should have raised on his direct appeal. There's three separate subclaims there. One of them is a – has to do with the introduction of a prior conviction. If you look at his original handwritten petition, specifically at EOR 24, he actually does talk in some detail about that conviction. He sets forth various legal theories for why it shouldn't have been introduced at his trial. So that would relate back to what he has in the petition itself. The other two claims have to do with the jury composition and with some statements made by a bailiff. One of the attachments that Mr. Swanson had to his petition is a detailed pleading – it was actually a pleading drafted by the State that was signed by the court as an order in which the factual basis of these grounds was set forth in some detail. Well, I think that goes back to the difficulty that Judge Smith was highlighting, because you would really, for purposes of considering ground three for relation back, you'd really have to go through what he appended rather than what he articulated in the original petition. Is that correct? You would. But I – my respectful point is that there's nothing unfair about that. These are – to the extent that these are claims that he exhausted in State court, the State is already aware of this. Really, the whole issue of notice in this case is something of a legal fiction, because, you know, the timely petition that Mr. Swanson filed wasn't even served on the State until after the statute of limitations had run. But when we're looking at it – The question is what would be the operative rule, because with respect to the third claim, appellate counsel, there's not even kind of like a hint or a whiff anywhere in his handwriting or anywhere in his petition that you should be kind of sniffing that out in the attachment. So that gets you back to, under your position, basically every claim from the State court is automatically raised if appended. Is that your position? And does that mean you don't really distinguish between claims one and two and then three? That's not my position. My position would be that when a Petitioner attaches documents that he's not otherwise required to attach that set forth the factual basis of his pleadings, those documents are submitted at the same time as his petition and when they're filed with the petition, that should all be considered part of the petition for determining what relates back. It's not – But that doesn't really – so basically your answer is, as long as you attach the State court pleading, no matter how many claims are in there, you've effectively raised it? Yes. Okay. And again, there's nothing unfair about that. If you look at the beginning of the additional habeas petition. So what we're saying then in a habeas petition, unfair or not, is that for every habeas petition thus far, coming next, all you've got to do is attach what your State claim is and you've got them all in. Your Honor, I would suggest – You don't have to plead anything. You don't have to say anything. Just attach that. I suppose we could make pro se petitioners jump through the hoops of, you know, copping down hand by hand. We usually give them forms. I don't know what Nevada does exactly, but we usually give them forms and it says, here's your claim and here, why do you think that? And here's your claim and why do you think that? And they can number them and they got why and they can attach all kind of documents. But you're just suggesting the form is no good anymore, huh? He's given a form that tells him to briefly summarize his claims, which he does. But we're dealing here with a pro se, unsophisticated pro se petitioner. I mean, he could, I suppose, copy down hand by hand, by hand, everything that's in a State petition and force everyone to read that. Well, but he does. I mean, in fairness, I think he pinpoints claims 1 and 2 in broad strokes. But he never says, my lawyer on appeal was bad. I mean, or something as simple as that. So, I mean, I don't know how we know he even has such a claim. We know that he has the claim because he raised those claims in a State post-conviction. He had a specific set of claims that said, my lawyer was ineffective. And he attached documents from the State court that set forth the factual basis of those claims in some detail. Let me ask you, let me go straight to your amended Ground 1. Amended Ground 1 says, trial court violated the plaintiff's right to compulsory process by denying him meaningful access to the witness and records. Where do I find that in the original complaint? If you go to EOR 26, Your Honor. Oh, I'm there. Ground 2 talks about what counsel didn't do. Where do we talk about what the trial court didn't do? The last sentence. Moreover, the court stated to the Petitioner that he would have to figure out how to bring in his witnesses without assistance, keep in mind that the Petitioner had no telephone privileges at the jail, would not be permitted extra library time to repair. Again, this claim was headlined as a denial of right to compulsory process, not an ineffective assistance of counsel claim. It's true that Mr. Swanson was talking about what his lawyer did as a way of explaining how he got to that point, but he is raising the basis of a compulsory process claim based on the trial court's actions. So the fact that he wasn't really talking about the court, he was talking about counsel, and he was talking about what counsel didn't do, and as a result of that, he didn't have a problem. The fact he now puts in an amended ground the trial court violated, I'm to say that relates back. Respectfully, Mr. Swanson did talk about what the trial court did. Where? Where was that? In the sentence that I just said. That's the only sentence you're going to refer to? Well, he has his additional pages in which he includes his brief that sets forth the compulsory process claim in some detail. He specifically says the arguments continued on additional pages. If you go to the additional pages and look at the top, he says additional pages from rounds one to three, and right below that is a description of the claims that are being raised in that opening brief. I submit that's more than enough to relate the claim back under Mail v. Felix. Thank you. Thank you. Good morning, Your Honors. My name is Jared Frost. I'm a deputy attorney general from the State of Nevada. It's my great pleasure to represent the Respondents this morning. This case concerns the scope and the applicability of the relation back doctrine. And before I get to Swanson's particular arguments, I want to take just a moment to step back and look at how the relation back doctrine fits into the broader Federal habeas scheme. Now, as you recall, there are two basic goals of the Federal habeas statute. Those are to reduce delays in the execution of criminal sentences and also to encourage Petitioners to seek relief from the State courts in the first instance. Now, to these ends, Congress adopted a strict one-year time limitation for all Federal claims. Now, the relation back doctrine allows Federal Petitioners to amend their claims after the expiration of the timeliness period, so long as those claims share a common core of operative facts with the timely claim. However, the relation back doctrine is not meant to be an end-around for Petitioners who wish to escape the timeliness requirements of the Federal habeas statute. For that reason, it's crucial that the relation back doctrine be applied narrowly so as to preserve the statute's goals of finality and comity. Now, with this context in mind, I want to talk about if and when a court should consider attachments to a Federal habeas petition during the relation back analysis. Before you go on, would you agree that the relation back doctrine, we're supposed to be more generous than under the exhaustion doctrine, which is a separate doctrine? Your Honor, I believe the relation back analysis is quite similar to the factual exhaustion test that we use. It's similar, but don't we have cases that suggest it has a little more give or flex in its applicability? Your Honor, not that I'm aware of. The relation back doctrine is premised on, of course, the seminal case, Maile v. Felix, where the United Supreme – United States Supreme Court talked about the specific pleading requirements that are applicable to Federal habeas petitioners. That's including, of course, pro se petitioners. And Habeas Rule 2C requires these petitioners to state specific facts that point to a real possibility of constitutional error. Notice pleading is not sufficient. This is a more demanding standard than we require for other kinds of civil litigation. Well, you indicated, counsel, that it's similar to exhaustion analysis. The Dye case, which was cited and relied on by both parties or discussed by both parties in the briefs, indicates that the appended State court brief should be looked at in the determination of what the petition actually presents. Don't we have a similar situation here, where at least with regard to the first two grounds, the petitioner sets out in summary form what he's attempting to raise, and then references specifically, at least as to one of the grounds, the pages that he wants the court to look at in determining what the petition presents? Yes, Your Honor. Dye v. Hofbauer is, of course, an exhaustion case. It does suggest, as Your Honor notes, that attachments should be considered where the petition makes a specific reference to a brief filed in State court. Now, response would be fine with a rule that attachments are never considered in a relation back analysis. But if the court is inclined to apply Dye to the relation back context, it's crucial that this specific reference requirement from Dye be preserved. And there are a number of reasons for that that have already been touched on. The most important is that courts under Rule 4 need to have the information that's required to determine whether the claims have no merit and should thus be dismissed. It's also at some point inconsistent, I believe, with the court's role as a neutral arbiter to be having to sort through what could be pages and pages of documents to try to determine what if any claims are being presented by the petition. Well, some sorting through would be necessary in order to determine whether it relates to a common core of operative facts for purposes of relation back analysis, correct? I'm sorry. Do you repeat? Some sorting through of the underlying attachment would be necessary. The petition only has so much room in order for the petitioner to state what grounds he is attempting to raise. And if, as the Supreme Court indicated in Dye, the petitioner makes clear references to an appended brief, then the district court would have to sort through the appended brief in order to flesh out the claim. Is that a fair statement? Well, if the petitioner makes a specific reference, that should put the court on notice what argument, what particular argument is intended to be incorporated. Well, so let's look at those. He says, with respect to this fellow Jorgensen, who didn't – who was his pretrial counsel, he says he didn't prepare investigators, subpoena witnesses, failed to follow up, et cetera, et cetera. He says that in his first habeas petition. And then in his amended, he says he was denied meaningful right to access. And then he says Jorgensen claimed to have talked to witnesses while Swanson denied counsel had talked to anyone. And then Jorgensen revealed the morning of the second day he hadn't discussed any of the defenses. Why doesn't that tie in exactly to what he said in his first petition? It's just worded differently. And in his first petition, he tells you where to go in his State filings. He says go to pages 98 to 106. I'm sorry. What – where's the page reference that you're referring to, Your Honor? Well, on page ER87, he, in the first habeas petition, he sets out kind of two claims. One, his pretrial claim, and then his I got to court and the judge didn't help me out either. Then in his – and he says go look at pages 98 to 106. Those are what he calls additional pages. Then when he makes his amended petition, it's essentially the same discussion there. He talks about what trial counsel didn't do, and then he talks about once he became pro se, the lurch he was left in, in his view. And then he also – there he has ER146-50. So why aren't those really the same claims? Why wouldn't that relate back? Well, Your Honor, I don't believe that there's a specific page reference in the original petition. What he does say is that these claims are continued on, unquote, additional pages. But I don't believe there's any specific page reference. Well, he says that the attachment, but the attachment is how long? The attachment – well, the attachment consists of 40 pages of appended material. It includes not only a portion of his State court brief, but also a docket from a case in which he was suing his attorney, a letter to counsel, a motion to remove counsel, three different – But he makes the claim. We know what his claim is because he tells us. In the petition. In the petition. Correct. He has in what I think you're referring to as amended ground two in the amended petition, he says that his trial counsel was ineffective for three different reasons, that he failed to discuss any defenses with Swanson, that he failed to investigate the case, that he failed to prepare a defense. Now, it's Respondent's position that amended ground 2A involves different core facts than the claim presented in the original petition. What do you call 2A, the failure to discuss? Correct, Your Honor. Defenses? Amended to? Amended ground 2. Right. 2A, yes. Failed to discuss the defenses with him. Correct. That's essentially a claim that counsel failed to communicate with me before trial. In the original petition, he claims that counsel failed to present his preferred defense at trial. In a related case in Schneider v. McDaniel, which another panel decided only a few weeks ago, the Court made a number of important determinations that are applicable here. The first is that the relation-back inquiry is properly limited to core facts, so that if there are peripheral facts that the claims may share in common, that may not be enough for relation-back purposes. The second thing that they said is that when looking at ineffective assistance of counsel claims, the Court must look beyond the general allegations of attorney error. For example, my counsel failed to raise a claim or present a defense or object and look to the specific factual circumstances underlying the claim. Well, it seems to me Schneider's a little bit different than this particular matter in that, for example, in Schneider it says that in the amended petition, Schneider alleged the trial court's denial of his motion to sever violated his due process rights. Then you look at the original position, and it doesn't really talk about that. What we're really trying to do is to get to the, even at your best, at the core things that he pleaded in his original petition, and do they have any type of relation to what he pled in the amended. And that's why I thought, Judge, my colleague's questions to you were pretty important. That's why I hoped you'd answer them. It seems to me that we have to find that there's no relation, that there isn't anything that states the same kind of claim. As I talked to your counsel, amended ground one, trial court violated the plaintiff's right to compulsory process by denying him meaningful access to witness and records. So I have to look at the original petition and say, isn't there anything there which will relate to that? And counsel laid out, and that's why I ask him the question, the very sentence I focused on when I was doing this. How can I say that doesn't relate back when that sentence was there? Well, Your Honor, my response is that the count, the sentence referred to by counsel is not one of the core facts of that claim. The core facts. What do you mean the core facts? I mean, he doesn't have very many facts in his claim. He basically says two things. One, that they wasn't prepared to investigate witnesses, and then he says trial court informed him he'd have to, you know, basically fly solo. What could be more fundamental? He kind of splits it up to here's what happened to before, then I showed up at trial and it didn't go so well there either. Well, Your Honor, the court has to focus on, I believe, either counsel's actions before trial or the trial court's actions at trial. And that's why. And they both have to be mentioned in the original petition, right, in order to relate  In order to relate back the core facts, I'm saying that the court must determine which of those are the core facts of that claim. I don't – I submit that they cannot be both core facts in the original petition. So in other words, you're saying if he merged two claims and put them together that somehow he's basically deep-sixed on separating those out and being a little more specific later? Right. The habeas petitions are required to plead their claims specifically and discreetly. And so that's why in Schneider we had a circumstance where, although there was at least one fact in common, the claims did not relate back because they did not involve – they did not share core facts. Well, it's a Sixth – do you agree that his pretrial problem with not getting these witnesses together and his trial problem of not getting assistance are both Sixth Amendment claims? They certainly could be, Your Honor. Certainly. I mean, I'm not saying that they're – I'm saying they fall under the umbrella of the Sixth Amendment. Sure. However, the relation back inquiry focuses on factual allegations rather than the legal theory presented in the claim. Okay. Do you agree that the original timely file petition included three numbered grounds for relief and three unnumbered grounds for relief? No, Your Honor. The reason is that because those unnumbered grounds appear after the signature page of the original petition. They – So they've even got to be put up there before the signature in order to be considered? Yes. Yes, Your Honor. The Rule 2 also requires that habeas petitioners declare that the claims or the statements in the petition are true under the penalty of perjury. If those claims – the signature – the signature line refers only to material – aforementioned material, and therefore, those claims should not be considered as part of the petition itself. And you don't think that they – because the signature and the they're all true is not after them, then we're supposed to just leave them aside? Now, we're talking about a habeas petition by a pro se petitioner. That's correct. That's the – What's your best case for that? I mean, the bottom line is I've never seen a case that says that. And being a trial judge, I've had to look at these petitions for many, many years, and I've never seen that be the thing that I really laid my hands on just because they were listed after the signature. That's why I wanted you to tell me what you were really suggesting to me. Well, what I'm suggesting is that in order for the relation-backed doctrine to apply to this kind of material, the petition must make a clear reference to material that's appended to it, to a State court brief that's appended to the petition. In this case, there is no such reference. So even under Dye, the district court correctly declined to consider these attachments and the district court should be affirmed. If there are no other questions, that concludes my argument. Thank you. Thank you. I believe I have about six. We have a minute for rebuttal. The State is trying to make the male v. Felix relation-backed doctrine into something that it isn't. Before male v. Felix was decided, the law in the circuit was that anything could relate back as long as it all pertained to the same conviction. That doesn't work anymore under male v. Felix, but male didn't intend to replace that with some type of hyper-technical pleading requirement, nor did it, nor is there anything in male that was there to prohibit a pro se petitioner from incorporating grounds by reference through pleadings that he filed in State court. That's all that Mr. Swanson is doing here. Unless there are any other questions, I'll submit the case. Thank you. The case just argued is submitted. Swanson v. Nevada Attorney General will now hear argument in the last case, City of Glendale, Gila River Indian Community, McComish and the State of Arizona, as well as the United States of America and the nation. So as you're getting set up, we will also be linking in Mr. Bergen. Brian Bergen. Hello, Mr. Bergen. This is Judge McKeown. We're not yet started with the argument. We just want to make sure that you could hear us. Loud and clear. Mr. Bergen, since you're not presenting, would you mind muting the phone on your end? I would be happy to do that, and I'll do that at this moment. Thank you very much.
judges: Nguyen, McKeown, Smith